UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| JACQUES LAVIORD PYANT, ) <br> ) <br> Petitioner ) <br> ) <br> vs. ) <br> ) <br> CARTER DAVENPORT, Warden, ) <br> and THE ATTORNEY GENERAL ) <br> OF THE STATE OF ALABAMA, ) <br> ) <br> Respondents ) | Case No. 5:14-cv-01337-MHH-HNJ |

## **MEMORANDUM OPINION**

On May 18, 2015, the presiding magistrate judge entered a report in which he recommended that the Court deny petitioner Jaques Laviord Pyant's 28 U.S.C. § 2254 petition for a writ of habeas corpus. (Doc. 7). The magistrate judge notified the parties of their right to file objections to the report and recommendation within fourteen (14) days. (Doc. 7, pp. 22-24). On May 29, 2015, Mr. Pyant filed objections to the magistrate judge's report and recommendation. (Doc. 8). Mr. Pyant filed additional objections on June 8, 2016. (Doc. 10). Although Mr. Pyant's June 8, 2016 objections are untimely, the Court will consider the objections.

When a party objects to a report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed

findings or recommendations to which objection is made." 28 U.S.C. §§ 636(b)(1)(B)-(C). The Court reviews de novo legal conclusions in a report and reviews for clear error factual findings to which no objection is made. *Garvey v. Vaughn*, 993 F.2d 776, 779 n. 9 (11th Cir. 1993); *see also LoConte v. Dugger*, 847 F.2d 745, 749 (11th Cir. 1988); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006). A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

After careful consideration of the entire record in this case, including the magistrate judge's report and recommendation and Mr. Pyant's objections, the Court overrules Mr. Pyant's objections. The Court overrules Mr. Pyant's objection concerning cause and prejudice because the magistrate judge properly found that Mr. Pyant suffered no prejudice due to his attorney's failure to obtain a ruling on a motion to sever because the trial court implicitly denied the motion, and it was not error to deny the motion under the Alabama Rules of Criminal Procedure. (Doc. 7, pp. 15-21). The Court overrules Mr. Pyant's objection regarding actual innocence because he offered no proof of factual innocence. Instead, in his objections, Mr. Pyant attempted to demonstrate that the State of Alabama did not carry its burden of proving his guilt. (Doc. 8, pp. 7-11; Doc. 10, pp. 2-3). That is not enough to avoid procedural default and obtain habeas relief. *Schlup v. Delo*, 513 U.S. 298, 324 (1995) ("To be credible, such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable

evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful."). Accordingly, the Court adopts the magistrate judge's report and accepts his recommendation.

Pursuant to Rule 11 of the *Rules Governing § 2254 Cases*, the Court has evaluated the claims within Mr. Pyant's petition for suitability for the issuance of a certificate of appealability (COA). *See* 28 U.S.C. § 2253.

Rule 22(b) of the Federal Rules of Appellate Procedure provides that when an appeal is taken by a petitioner, the district judge who rendered the judgment "shall" either issue a COA or state the reasons why such a certificate should not issue. Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." This showing can be established by demonstrating that "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n. 4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right and whether the court's procedural ruling was correct. *Id.*

The Court finds that reasonable jurists could not debate its resolution of the claims presented in this habeas corpus petition. Therefore, for the reasons stated in the magistrate judge's report and recommendation, the Court declines to issue a COA with respect to any claims.

The Court will enter a separate final judgment consistent with this memorandum opinion.

DONE and ENTERED this 6th day of June, 2017.

_____
MADELINE HUGHES HAIKALA
U.S. DISTRICT JUDGE